33 C.C.P.A. (Patents)

### In re BRAUTCHECK et al.
### Patent Appeals No. 5091.

Court of Customs and Patent Appeals.

March 4, 1946.

Cullen G. Frey, of Wilmington, Del. (C. H. Biesterfeld, of Wilmington, Del., of counsel), for appellants.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States

Patent Office affirming the decision of the Primary Examiner rejecting all of the claims (Nos. 8, 9, 10, 12, and 13) in appellants' application for a patent for an alleged invention relating to a process for preparing organic dyes and pigments.

Claim 8 is sufficiently illustrative of the appealed claims. It reads: "8. In the process for preparing phthalocyanine pigments wherein phthalonitrile is reacted with a metalliferous material, the step which comprises heating a homogeneous mixture of the reactants as a non-liquid mass which is not readily stirrable to reaction temperatures of from 150 to 270° C., by subjecting it to direct radiation of infra-red heat rays whereby the interior as well as the exterior of the mass is brought to reaction temperature without local over-heating of any portion of the mass and without agitation."

The Primary Examiner relied upon the following references: Burr, 255,139, Mar. 21, 1882; Heilbron et al. (Br.), 410,814, May 16, 1934; Groven, 1,998,615, Apr. 23, 1935; Thorpe et al., 2,000,051, May 7, 1935; Tanner, 2,163,768, June 27, 1939; General Electric Review, March 1941, pages 167-173; Transactions of the Faraday Society, Vol. 26, pages 1-6.

Claims 8, 9, and 10 relate to a process for preparing phthalocyanine pigments. Claim 12, the broadest claim in appellants' application, relates to a process for preparing organic dyes and pigments. Claim 13 is limited to the preparation of organic dyes. The issue presented, however, is the same as to each of the claims.

Counsel for appellants state in their brief that the "novel feature in each" of the appealed claims resides in carrying out the reaction called for by subjecting the mass to "direct radiation of infra-red heat rays."

As will be observed from quoted claim 8, appellants' process comprises heating a mixture of reactants (a non-liquid mass), which is not readily stirrable, to reaction temperatures of from 150 to 270° C. by "direct radiation of infra-red heat rays," whereby, as stated in the claim, "the interior as well as the exterior of the mass is brought to reaction temperature without local over-heating of any portion of the mass and without agitation."

Although the Primary Examiner relied on each of the references in rejecting the appealed claims, the Board of Appeals, in affirming the examiner's rejection, found it necessary to rely only on the patents to Heilbron et al. and Groven. It did not, however, reverse the examiner's decision as to the pertinency of the other references.

With reference to the prior art disclosures, for example, Heilbron et al., appellants state in their application that, "In the manufacture of phthalocyanine colors the phthalonitrile is *reacted with a suitable metal or metal compound.* In general the reaction is exothermic and when the reaction is once started there is a rapid increase in temperature of the mass. Because of this fact, when the reaction is carried out in masses of any material size the temperature may increase rapidly to above 300° C. *In most cases, temperatures of 270° C or above, if held for any appreciable length of time result in side reactions with the formation of undesirable side products thereby producing weak and dull pigments.* In an attempt to overcome this difficulty *inert diluents have been employed and the reaction has been carried out in thin layers, but in either case the partially reacted material adjacent the walls of the baker forms a coating on the unreacted material thereby insulating it from a source of heat and prevents reaction.*" (Italics not quoted.)

It is stated in the brief of counsel for appellants that the patent to Heilbron et al. discloses the preparation of phthalocyanine pigments "by the usual heating methods," and that appellants do not claim that the preparation of such pigments by heating the mass is new. It is contended by counsel, however, that the preparation of organic pigments and dyes by subjecting a homogeneous mass of reactants to "direct radiation of infra-red heat rays" is neither disclosed nor suggested in either the Heilbron et al. or Groven patents, and that by the use of infra-red heat rays both the interior and the exterior of the mass is uniformly heated without agitation and without overheating any portion thereof and without the use of inert diluents.

In his statement to the Board of Appeals, the Primary Examiner said: "Reactions of the type where stirring is difficult are usually carried out by applying the heat necessary to the outside of the reaction vessel or by means of coils or heating elements immersed in the reaction mass. Heating in this manner where thorough mixing of ingredients is not possible presents the problem of local overheating resulting in the formation of impurities and undesirable

decomposition products. In order to avoid this, applicants arrange their reacting masses in layers depending upon the penetrating action of the heat rays, and subjects them to direct rays of a suitable infra-red ray source. The adsorption of these heat rays is throughout the entire mass and is relatively quite uniform."

The patent to Groven relates to a process of baking paint, and discloses the heating of paint on automobile bodies by direct radiation of infra-red heat rays.

It is the contention of counsel for appellants that the problem confronting the patentee Groven was wholly different from that confronting appellants in that the patentee was not concerned with the heating of a homogeneous mass of reactants which is not readily stirrable, and, therefore, does not suggest the use of infra-red heat rays as a solution to appellants' problem. Counsel concede, however, that the patentee Groven discloses that there should not be too great a penetration of the infra-red heat rays and that too great a surface heating should be avoided.

The patentee Groven states: "The important feature of my invention, and the feature which makes it possible to dry enamel in five minutes at a lower temperature than formerly required two to three hours of baking, is that the wave length of the heat used in my process is selected so that a penetration is obtained which is most advantageous for the average thickness of the enamel coating being applied."

It is further stated in the Groven patent that "It is just as important that too great a penetration be avoided as that surface heating be avoided," and that a large percentage of the wave lengths "penetrate almost through the layer of enamel so that surface heating is retarded while at the same time the penetration dries the enamel uniformly over its full depth."

In affirming the decision of the Primary Examiner, the Board of Appeals stated, inter alia:

"The examiner has cited a reference, Heilbron which shows the preparation of 'phthalocyanine pigments' by heating in the old way to the temperature recited in the claims. It appears to be conceded that Heilbron shows all conditions for the reaction claimed except the resort to infrared rays as a source of heat for the reaction. The principal issue appears to be whether the application of heat in Heilbron's process in the form of infra-red rays is obvious to those skilled in the art in view of other patents cited, of which Groven appears to be the most pertinent.

"Groven discloses an improvement over the prior art with respect to the way in which enamel is baked on automobile bodies. His analysis of the phenomena teaches the use of infra-red waves of 10,000 to 16,000 A length, and explains that it is desirable to have them selected for penetration of the average thickness of the coating, so that the enamel is dried uniformly over its full depth. * * *

"It is well known that 'drying' of enamel is a chemical reaction including oxidation and polymerization. It is the examiner's opinion that the teaching of Groven is sufficient to suggest the use of infra-red penetrating rays for *internal* heating of masses that utilize heat to provide a reaction as an improvement over the conventional application of heat by *external* or *surface* application. (Italics quoted.) *While Groven does not teach the conditions that would have to be met in each reaction to be carried out, he provides the suggestion to try the infra-red rays. One would naturally start with the conditions already known as effective in the older methods of applying heat, and try to duplicate them with penetrating heat."* (Italics not quoted.)

It is true, as argued by counsel for appellants, that the patentee Groven does not expressly teach the advantages of heating a homogeneous mixture of reactants which is not readily stirrable, as called for by the appealed claims, to temperatures of from 150 to 270° C. by subjecting the mass to direct radiation of infra-red heat rays. However, we think the patentee not only plainly suggests subjecting the mixture of reactants recited in the appealed claims to direct radiation of infra-red heat rays, but also that, by so doing, the interior as well as the exterior of the mass could be brought to reaction temperatures without over-heating any portion of the mass. We are of opinion, therefore, that, in view of the disclosure in the Groven patent, it would not require the exercise of the inventive faculties to subject the homogeneous mixtures of reactants, recited in the appealed claims, to "direct radiation of infra-red heat rays" and discover that "the interior as well as the exterior of the mass" could be "brought to reaction temperature with-

126.

out local over-heating of any portion of the mass and without agitation."

We are in agreement with the views expressed by the Board of Appeals. Accordingly, its decision is affirmed.

Affirmed.